UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERMAINE FRANKLIN JR.
JERMAINE FRANKLIN JR., INC.,

                Plaintiffs,                Case No. 19-10137

v

                                              Honorable Thomas L. Ludington

MARK F. HAAK,

                Defendant.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

On January 14, 2019, Plaintiffs Jermaine Franklin, Jr. ("Franklin") and Jermaine Franklin Jr., Inc., ("JFJR") filed a complaint against Defendant Mark F. Haak. ECF No. 1. Plaintiffs claim that Defendant was Franklin's former manager and that he is interfering with his boxing career. Plaintiffs later filed an Amended Complaint. ECF No. 18.

On February 4, 2020, Defendant filed a Motion for Declaratory Judgment on the Pleadings. ECF No. 31. The motion was granted in part and denied in part. ECF No. 37. Plaintiffs have now filed a motion for reconsideration. ECF No. 39. The motion will be denied.

**I.**

Franklin is a professional boxer who first met Defendant in 2014 after Franklin won the U.S. National Golden Glove amateur championship. That same month, Franklin entered into a Boxer-Manager Agreement (the "Agreement") with Defendant. Ex. 1, ECF No. 18-2. From December 2014 until July 2018, Franklin worked under Defendant's management. During that time, he won 17 fights and lost zero fights. Plaintiffs allege that Defendant never compensated Franklin more than three thousand dollars for a fight.

In August 2018, Franklin's mother informed Defendant on behalf of Franklin that he was ending the boxer-manager relationship. ECF No. 18 at PageID.187. Franklin enlisted Aaron Alfaro as his spokesperson who then contacted Defendant, informing him that Franklin wished to end the boxer-manager relationship. *Id.*

In late October 2018, Franklin entered into a promotional contract with Salita Promotions ("SP"). *Id.* at PageID.190. On December 30, 2018, he "entered a Bout Agreement with SP to fight on February 15, 2019 as the main event on SHOWBOX telecast." *Id.* However, according to Plaintiffs, Defendant contacted the Senior Vice President of Showtime, Inc., Gordon Hall, and explained that he was Franklin's manager. Defendant stated that as Franklin's manager, he had not granted approval for Franklin to participate in the February 15 fight. Consequently, Showtime withdrew Franklin from the fight. *Id.* at PageID.192.

## B.

On January 14, 2019, Plaintiffs filed their complaint against Defendant. ECF No. 1. The complaint presented seven counts against Defendant, including one count of violation of the Pennsylvania Boxing Code. ECF No. 1. On April 30, 2019, Plaintiffs filed an Amended Complaint pursuant to a stipulated order. ECF No. 18. Defendant subsequently filed a Motion to Dismiss the Amended Complaint and a counterclaim. ECF Nos. 19, 27. The counterclaim included three counts, including a request for a declaratory judgment that the Agreement "is valid, binding and enforceable." ECF No. 27 at PageID.329.

On January 21, 2020, the Court granted Defendant's Motion to Dismiss in part and denied it in part. ECF No. 29. Among the counts dismissed was Plaintiffs' count of violation of the Pennsylvania Boxing Act. The Court explained that:

> [T]he Pennsylvania Boxing Act and its accompanying regulations do not provide for a private right of action. Chapter 13 of the Act is entitled "Enforcement" and

> grants the Pennsylvania State Athletic Commission powers to regulate boxing within Pennsylvania. 5 Pa.C.S.A. §1301–1305. However, nowhere does the Act grant a private party the authority to bring a claim.

ECF No. 29 at PageID.361. Plaintiffs' only surviving claim is that Defendant breached his fiduciary duty by failing to provide Franklin with an accounting.

On February 4, 2020, Defendant filed a motion for declaratory judgment for the relief requested in his counterclaim. ECF No. 31. In their response brief, Plaintiffs argued that the Agreement was invalid because Franklin did not participate in the negotiations leading to the Agreement, he relied on Haak's interpretation of the Agreement, and the Agreement failed to include "critical protections." ECF No. 34 at PageID.428. Plaintiffs' arguments were rejected and the Agreement was deemed valid. ECF No. 37.

## II.

Plaintiffs have now filed a motion for reconsideration. ECF No. 39. Under Local Rule 7.1(h), party moving for reconsideration must show: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)).

Local Rule 7.1(h) further provides, "No response to the motion [for reconsideration] and no oral argument are permitted unless the Court orders otherwise." LR 7.1(h)(2). The Court has not ordered Defendant to file a response to Plaintiff's motion for reconsideration. Despite this fact, Defendant filed a response on June 4, 2020. Defendant's response will not be considered.

## III.

### A.

Plaintiffs argue that the Court erred when it deemed the Agreement valid. They contend that such a conclusion is contrary to the Pennsylvania Boxing Act, which provides:

> No contract between a manager and a professional boxer shall be legally valid until both parties to the contract appear before the commission and have received its approval, which shall be endorsed on the contract.

5 Pa.C.S.A. § 1104. Plaintiffs argue that the Agreement is invalid because Franklin and Defendant did not appear before the State Athletic Commission of Pennsylvania nor did they receive the commission's approval. ECF No. 39 at PageID.509-10. Plaintiffs acknowledge that the Court previously dismissed from their Amended Complaint the count alleging Defendant's violation of the Pennsylvania Boxing Act. However, they contend that the Pennsylvania Boxing Act remains relevant because they are seeking protection within the Pennsylvania Boxing Act, not seeking to advance a private right of action. They reason that the Court should not have deemed the Agreement invalid because it does not comport with the Pennsylvania Boxing Act.

Plaintiffs' motion for reconsideration will be denied. Regardless of the potential merit of Plaintiffs' argument, they have presented it too late. Nowhere in their response brief to Defendant's motion for declaratory judgment do Plaintiffs mention the Pennsylvania Boxing Act. A court cannot commit a palpable defect on an issue when a party never presented the issue in the first instance. As explained by the Sixth Circuit, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997). Plaintiffs did not reference their newly minted argument in a "perfunctory manner" in their response to Defendant's motion. They did not give the Court so much as a skeleton of the argument. Plaintiffs' motion will be denied.

**B.**

Regardless of whether Plaintiffs had presented the issue in their response to Defendant's motion for declaratory judgment, it would not have been granted because Pennsylvania law does not apply. In diversity actions such as this one, a federal court applies the choice of law rules of the forum state. *MacDonald v. General Motors Corp.*, 110 F.3d 337, 341 (6th Cir. 1997) ("In a diversity action…a federal court applies the conflicts law of the forum state."). Under Michigan choice of law rules, the court must first determine "if any foreign state has an interest in having its law applied." *Sutherland v. Kennington Truck Serv., Ltd.*, 562 N.W.2d 466, 471 (Mich. 1997). If a foreign state does have such an interest, the court must then determine "if Michigan's interests mandate that Michigan law be applied, despite the foreign interests." *Id.* Michigan courts "use another state's law where the other state has a significant interest and Michigan has only a minimal interest in the matter." *Hall v. General Motors Corp.*, 582 N.W.2d 866, 868 (Mich. Ct. App. 1998).

Plaintiffs argue that, "Pennsylvania would take great interest in these attempts of Haak's to escape the rules and regulations promulgated by the Pennsylvania athletic commission by searching out states that lack such safeguards in order to claim jurisdiction." ECF No. 39 at PageID.512-13. They cite to *de la Hoya v. Top Rank, Inc.* in which a district court in the Central District of California applied California boxing law rather than New York boxing law. 2001 WL 34624886, at *3 (C.D. Cal. Feb. 6, 2001). Plaintiffs contend that the court made such a determination because California boxing law provided boxers with greater protections than New York boxing law. ECF No. 39 at n. 12. However, the court made this determination as part of its conclusion that California had a more substantial relationship to the parties and the transaction than did New York. *Id.* at *3-4.

The same is not true in this case. Pennsylvania does not have a significant interest in having its boxing code applied. Plaintiff Franklin is a Michigan resident and Plaintiff Jermaine Franklin Jr., Inc. is a Michigan corporation with its principal place of business in Saginaw, Michigan. ECF No. 18. Plaintiffs have not demonstrated that Pennsylvania has an interest in providing relief to nonresidents such as themselves.

Plaintiffs also argue that Pennsylvania law should apply because Defendant and Franklin were in Pennsylvania when they signed the Agreement. ECF No. However, this does not confer upon Pennsylvania a dispositive interest in having its law applied. The Michigan Supreme Court has held:

> The predominant view in Michigan has been that a contract is to be construed according to the law of the place where the contract was entered into. The trend nationally, however, has been to adopt the Restatement approach emphasizing the law of the place having the most significant relation with the matter in dispute.

*Chrysler Corp. v. Skyline Indus. Servs., Inc.*, 448 Mich. 113, 122 (1995). Consequently, "the rigid 'law of the place of contracting' approach has become outmoded in resolving contract conflicts." *Id.* at 124. Though the parties signed the Agreement in Pennsylvania, this does not vest Pennsylvania with a significant interest in protecting non-resident parties such as Plaintiffs.

**IV.**

Accordingly, it is **ORDERED** that Plaintiffs' Motion for Reconsideration, ECF No. 39, is **DENIED**.

Dated: June 8, 2020                                    s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge