UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERMAINE FRANKLIN, JR., and
JERMAINE FRANKLIN JR., INC.,

                Plaintiffs,                Case No. 19-CV-10137

v.

                                              Honorable Thomas L. Ludington

MARK F. HAAK,

                Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT AND DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND TO ALTER OR AMEND THE JUDGMENT**

On January 14, 2019, Plaintiffs Jermaine Franklin, Jr. and Jermaine Franklin, Jr., Inc., filed this action against Defendant Mark F. Haak, alleging multiple counts relating to a boxer-manager contract (the "Agreement") between the parties. ECF No.1. On September 26, 2019, Defendant, the manager, counterclaimed against Plaintiffs, the boxer and his corporation, for damages and declaratory relief. ECF No. 27. After a round of dispositive motions and discovery, the parties filed cross-motions for summary judgment in September 2020. ECF Nos. 52, 54.

On November 6, 2020, this Court entered an order (the "Order") granting in part Defendant's Motion for Summary Judgment, denying Plaintiffs' Motion for Summary Judgment, denying Plaintiffs' Motion to Amend their Affirmative Defenses, dismissing Plaintiffs' Complaint, and directing Defendant to submit a proposed judgment. ECF No. 60. Defendant, accordingly, prepared a proposed judgment and submitted it to this Court. After some minor changes, the Court entered Defendant's proposed judgment on November 18, 2020. ECF No. 62.

Later that same day, Plaintiffs filed a notice of objections, which was construed as a motion to alter or amend the judgment. ECF Nos. 63, 65. Given the unique circumstances of Plaintiffs'

objections, Defendant was directed to respond to the motion and Plaintiffs were allowed a reply brief. *Id.* Timely briefs were subsequently filed.¹ ECF Nos. 66, 67, 68. Before the order directing Defendant to respond was entered, however, Defendant filed his own motion asking that the Order be reconsidered under Local Rule 7.1(h) or, alternatively, that the Judgment be amended under Federal Rule of Civil Procedure 59(e). ECF No. 64.

For the reasons stated below, Plaintiffs' motion will be granted in part, Defendant's motion will be denied, and an amended judgment consistent with this order will be entered.

## I.

Rule 59(e) allows a party to file a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). Motions under Rule 59(e) may be granted "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). If a party is effectively attempting to "'re-argue a case' . . . the district court may well deny the Rule 59(e) motion on that ground." *Id.* (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

Similarly, under Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order. A motion for reconsideration will be granted if the moving party shows "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F.

---

¹ Plaintiffs request that Defendant's response brief be stricken because it exceeded the five-page limit set by the Court. ECF No. 67 at PageID.1053. Plaintiffs' request must be denied. Defendant's error was harmless, and he promptly filed a corrected response brief after Plaintiffs raised the issue. *See* ECF No. 68.

Supp. 2d 731, 733¬–34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(h)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3)*; see also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

## II.

### A.

Plaintiffs state six objections to the Judgment and ask this Court to enter their amended judgment submitted through CM/ECF utilities. Each objection is considered in turn below.

#### 1.

Plaintiffs first note that the Judgment erroneously states that Defendant's Motion for Summary Judgment was "granted" rather than "granted in part." ECF No. 62 at PageID.1014. Defendant admits, as does this Court, that this was a clerical error. ECF No. 68 at PageID.1062. Defendant's motion was "granted in part" because not all requested relief was granted; specifically, this Court found that 837 days remained on the Agreement, rather than 1040 days as suggested by Defendant. ECF No. 60 at PageID.1004. Accordingly, an amended judgment will be entered correcting this error.

#### 2.

Plaintiffs next argue that the Judgment erred by declaring that the Agreement "is not governed by Pennsylvania law." Plaintiffs contend that this language is "not necessary," ECF No. 63 at PageID.1017, and that this Court "made its decision to apply Michigan law because Franklin originally brought this case in a Michigan Federal Court." ECF No. 67 at PageID.1053. Defendant

responds that the language is warranted to "cement" the preclusive effect of the choice of law holding. ECF No. 68 at PageID.1063.

The disputed passage simply states, "[T]he Boxer-Manager Contract is valid and enforceable under Michigan law and is not governed by Pennsylvania law." ECF No. 62 at PageID.1015. This statement is true and consistent with the law as previously stated in the case.[2] *See* ECF No. 47 at PageID.617–618 (applying choice of law rules and holding that Michigan law governs). Accordingly, there is no clear error of law in the language.

**3.**

Plaintiffs' third objection has evolved since the initial motion. At first, Plaintiffs claimed that the 837-day period remaining on the Agreement should commence from the date of the Order, November 6, 2020, rather than the date of the Judgment, November 18, 2020. ECF No. 63 at PageID.1017. However, in their reply brief, Plaintiffs challenge the 837-day calculation as substantively improper. They argue—for apparently the first time—that while a March 1, 2019 stipulated order held Defendant's rights in abeyance, Defendant continued to "approve" Franklin's opponents at the request of Franklin's counsel. *See* ECF No. 67 at PageID.1055 ("Counsel would inform Haak's counsel of Franklin's next opponent, seek Haak's approval, and Haak would exercise his right to approve of Franklin's opponent."). Plaintiffs thus request that the 837-day period be reduced to 618 days. *Id.*

Neither argument identifies a clear error of law in the Judgment. First, the Order specifically stated that a "separate judgment" would state the time remaining. ECF No. 60 at

---

[2] The suggestion that this Court's choice of law ruling is nonbinding on other courts is dubious at best. *See* 18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4417 n. 59 (3d ed.) ("The initial choice should be honored in many circumstances, even though independent application of forum choice principles would create a different issue, in order to maintain a stable basis for determining the relationships between the parties."). Moreover, Pennsylvania courts seem to apply a choice of law doctrine substantially similar to the one applied here. *See Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 227–29 (3d Cir. 2007) (finding that Pennsylvania courts apply "significant interest" test to determine governing contract law).

PageID.1004. The March 1, 2019 stipulation—which served as the predicate for the 837-day calculation—states that Defendant's rights were to be held in abeyance "pending resolution of this lawsuit." ECF No. 11 at PageID.70. Naturally, the lawsuit would not be resolved, and Defendant's rights would not resume, until entry of a final judgment.

Second, the fact that Plaintiffs' counsel continued to seek Defendant's approval as to Franklin's opponents is irrelevant. The language of the March 1, 2019 stipulation unequivocally states that "any rights that Defendant may have under a management contract or otherwise with Plaintiff shall be held in abeyance pending resolution of this lawsuit." *Id.* Plaintiffs cannot reduce their obligations under the Agreement because they solicited Defendant's approval.

**4.**

Plaintiffs next claim that the Judgment improperly delays the disbursement of $25,000 which Defendant placed in escrow to exercise his option to extend the Agreement. ECF No. 63 at PageID.1017. The Judgment provides, "The $25,000 held in escrow (ECF No. 24) shall be disbursed to the Katrina I. Crawley, PLC client trust fund account immediately upon the expiration of time to take an appeal and its disposition if taken." ECF No. 62 at PageID.1015. Plaintiffs explain that a draft of the proposed judgment shared by defense counsel stated that funds would be disbursed within seven days of the judgment. ECF No. 67 at PageID.1056. Plaintiffs thus insist that delaying the funds would be "unjust," and "urg[e] this Court to order immediate disbursement to Franklin, not his counsel, or within 7 days from entry of its Judgment." *Id.*

Plaintiffs' objection is simply not actionable under Rule 59(e). The Order states that "the $25,000 held in escrow will be disbursed to Franklin." ECF No. 60 at PageID.1004. It does not state a definite time, and 107 days remain on the Agreement even without the option. *Id.* Accordingly, it was neither a clear error of law nor a manifest injustice to schedule disbursement

at the expiration of time for an appeal—especially when, as Defendants argue, it is unclear whether the $25,000 would be recoverable once disbursed. ECF No. 68 at PageID.1065. The variance in the language of the draft and the final judgment is immaterial because, *inter alia*, Defendant was not directed to seek concurrence. Moreover, there is no apparent reason why disbursement must be made to Franklin directly rather than his attorney's client trust account. Disbursement to a client trust account is part of the ordinary course of litigation.

**5.**

Plaintiffs next object to language in the Judgment which states "[a]ny monies due Mark F. Haak pursuant to the [Agreement] shall henceforth be paid by any payor and/or promoter directly to Mark F. Haak." ECF No. 62 at PageID.1015. Plaintiffs claim that requiring third parties to pay Defendant directly would "unreasonably interfere in Franklin's normal business affairs." ECF No. 67 at PageID.1057.

The challenged language is simply an exercise of this Court's inherent power to enforce its own judgments. The Agreement states that Defendant is entitled to "30% of all amounts derived by [Franklin] from any services [Franklin] may render under th[e] Agreement." ECF No. 18-2. The Agreement provides no right for Franklin to hold any such amounts and, in fact, "vest[s] Defendant with the authority to direct Franklin's services." ECF No. 60 at PageID.1010. Furthermore, Defendant had not, as of the Order, received any amount due to him under the Agreement. *See* ECF No. 60 at PageID.988. It was neither a clear error of law nor manifest injustice for the Judgment to clarify the rights and responsibilities of the parties moving forward. The fact that Plaintiffs have apparently become accustomed to a different way of handling the business aspect of boxing is ultimately irrelevant.

**6.**

Plaintiffs lastly object to the jurisdictional language, which states, "The Court retains jurisdiction to enforce this Judgment during the remaining term of the Boxer-Manager Contract, including Jermaine Franklin's adherence to the force and effect of the Boxer-Manager Contract." ECF No. 62 at PageID.1015. Noting the lack of any jurisdictional term in the Agreement, Plaintiffs argue that the Judgment deprives them of the opportunity to negotiate such a term in the future. *Id.*

To the contrary, the language in question simply articulates this Court's legal authority to enforce the Judgment. Indeed, in addition to this Court's inherent power to enforce its own judgments, 28 U.S.C. § 2202 empowers a court to grant any "further necessary or proper relief based on a declaratory judgment." While § 2202 does not confer an independent basis for federal jurisdiction, it does allow parties to return to the district court and seek additional relief "long after the declaratory judgment has been entered." *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 221 (3d Cir. 1999) (quoting 10B Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2271 (3d ed.)); *see also In re Bicoastal Corp.*, 156 B.R. 327, 331 (Bankr. M.D. Fla. 1993) ("28 U.S.C. § 2202 was designed to carry out the principle that every court, with few exceptions, has inherent power to enforce its own decrees and to make such orders as may be necessary to render them effective."). Accordingly, Plaintiffs' sixth objection does not state a ground for relief under Rule 59(e).

Based on the foregoing, an amended judgment will be entered correcting the clerical error identified by Plaintiffs. All remaining objections are outside the scope of Rule 59(e).

**B.**

Defendant argues that this Court's interpretation of paragraph six of the Agreement was erroneous and that, as a result, this Court miscalculated the time-remaining on the Agreement.

ECF No. 64 at PageID.1026. Paragraph six, titled "Injuries/Extensions," states, "If Boxer is unable or unwilling to box due to injuries, substance abuse, or any other reason, this Agreement is automatically extended for a period of time equal to the amount of time Boxer is/was unable or unwilling to box." ECF No. 18-2. The relevant discussion in the Order provides,

> Defendant first argues that paragraph six of the Agreement automatically tolled the expiration date. *Id.* at PageID.728. Paragraph six states, "If Boxer is unable or unwilling to box due to injuries, substance abuse, or any other reason, this Agreement is automatically extended for a period of time equal to the amount of time Boxer is/was unable or unwilling to box." ECF No. 18-2. However, Franklin was not "unable or unwilling to box." He wanted to box. In fact, two months after trying to terminate the Agreement, Franklin signed a contract with Salita Promotions and has boxed three times since. ECF No. 52-3. Michigan courts "give the words used in [a] contract their plain and ordinary meaning that would be apparent to a reader of the instrument." *Rory v. Cont'l Ins. Co.*, 703 N.W.2d 23, 28 (Mich. 2005). Defendant's interpretation would be plausible if the words "for Manager" were included after "unable or unwilling to box." Regardless, because "the contractual language is unambiguous," this Court "must interpret and enforce the contract as written." *In re Smith Tr.*, 745 N.W.2d 754, 758 (Mich. 2008).

ECF No. 60 at PageID.1002–03. Defendant insists that this Court's interpretation is too literal. Noting his exclusive right to direct Franklin's boxing services, Defendant contends, "Within the context of the contract as a whole, the term 'to box' is not merely 'to fight with the fists;' it is boxing as permitted by the contract." ECF No. 64 at PageID.1027.

Defendant's interpretation rests on a conflation of the extension term and the exclusivity term. While "the entire contract must be read and construed as a whole," this Court "may not change or rewrite plain and unambiguous language in a contract under the guise of interpretation because 'the parties must live by the words of their agreement.'" *Smith v. Smith*, 823 N.W.2d 114, 116 (Mich. Ct. App. 2011) (quoting *Harbor Park Mkt., Inc. v. Gronda*, 743 N.W.2d 585, 588 (Mich. Ct. App. 2007)). Paragraph six states "unable or unwilling to box"—not "to box for Manager"—and among the potential reasons for such inability or unwillingness, the paragraph lists physical afflictions, like substance abuse and injury. ECF No. 18-2. Construing the term as a

whole, and supplying each word its ordinary meaning, paragraph six is triggered when Franklin is unable or unwilling to "fight with the fists" or "engage in boxing." *Box*, *Merriam-Webster*, https://www.merriam-webster.com/dictionary/box [https://perma.cc/Z8HS-LXTW] (last visited Dec. 4, 2020). Furthermore, the exclusivity term does not even use the word "box," instead stating, "Boxer will not during the continuance of this Agreement take part in any boxing contests or other exhibitions, perform or otherwise exercise Boxer's talent in any manner or place, except as directed by Manager . . . ." ECF No. 18-2. Nothing short of rewriting the Agreement could make "unable or unwilling to box" mean "take part in any boxing contests . . . except as directed by Manager."

This interpretation does not, as Defendant suggests, "produce[] absurd results" or "render the contract's most important terms meaningless." ECF No. 64 at PageID.1030. If Franklin continues to box without Defendant's direction—as he did in this case—Defendant is still entitled to his 30% share. And if Franklin is injured or unwilling to box, the Agreement is automatically tolled. The notion that Franklin would be free to run down the clock by merely "professing a willingness to box someone" is pure speculation at this point. Defendant retains the authority to direct Franklin's services, and, according to paragraph five, Franklin must "faithfully fulfill" any contract Defendant enters into on his behalf and with his knowledge. ECF No. 18-2. To the extent that Defendant is unsatisfied with the terms he drafted, "the judiciary is without authority to modify unambiguous contracts or rebalance the contractual equities struck by the contracting parties." *Rory v. Cont'l Ins. Co.*, 703 N.W.2d at 26. Accordingly, Defendant has identified no palpable defect or clear error of law. His motion will be denied.

## III.

Accordingly, it is **ORDERED** that Plaintiffs' Motion to Alter or Amend the Judgment, ECF No. 63, is **GRANTED IN PART AND DENIED IN PART**. An amended judgment will be entered consistent with this order.

It is further **ORDERED** that Defendant's Motion for Reconsideration and to Alter or Amend the Judgment, ECF No. 64, is **DENIED**.


Dated: December 9, 2020                               s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge