UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERMAINE FRANKLIN, JR., and
JERMAINE FRANKLIN JR., INC.,

                Plaintiffs,              Case No. 1:19-cv-10137

v.

                                         Honorable Thomas L. Ludington

MARK F. HAAK,

                Defendant.
_____/

**OPINION AND ORDER INDICATING THAT PLAINTIFFS' MOTION FOR RELIEF FROM THE JUDGMENT WOULD BE GRANTED IF THE CASE WERE REMANDED BY THE COURT OF APPEALS**

This matter is before the Court pursuant to Plaintiffs' Motion for Relief from the Judgment. ECF No. 77. Plaintiffs, the boxer Jermaine Franklin, Jr. and his corporation, ask this Court to modify the Amended Judgment to require the immediate disbursement of $25,000 that Defendant Mark F. Haak, the boxing manager, deposited in escrow to exercise his option under the parties' contract. This case is currently on appeal before the United States Court of Appeals for the Sixth Circuit. For the reasons set forth below, this Court hereby states that if this case were remanded by the Court of Appeals, Plaintiffs' Motion for Relief from the Judgment would be granted.

**I.**

**A.**

On January 14, 2019, Plaintiffs Jermaine Franklin, Jr. and Jermaine Franklin, Jr., Inc., filed this action against Defendant Mark F. Haak, alleging multiple counts relating to a boxer-manager contract (the "Agreement") between the parties. ECF No.1. On September 26, 2019, Defendant, the manager, counterclaimed against Plaintiffs, the boxer and his corporation, for damages and

declaratory relief. ECF No. 27. Among other provisions, the Agreement grants Defendant the right to extend the Agreement for an additional two years:

> 3. Option
>
> Boxer hereby grants to Manager an unconditional option to extend this Agreement an additional two years immediately following the aforementioned five year period upon payment by Manager to Boxer the sum of [$25,000] on or before the expiration of the five year anniversary of this Boxer-Manager Agreement.

ECF No. 1-2. On June 17, 2019, the parties stipulated to an order allowing Defendant to deposit the $25,000 option amount in third-party escrow "in light of the fact that Plaintiffs dispute[d] the validity of the contract." ECF No. 24 at PageID.292. The order stated that the funds would remain in escrow "until further order of the Court." *Id.*

In September 2020, after a round of dispositive motions and discovery, the parties filed cross-motions for summary judgment. ECF Nos. 52, 54. On November 6, 2020, this Court entered an order granting in part Defendant's Motion for Summary Judgment, denying Plaintiffs' Motion for Summary Judgment, denying Plaintiffs' Motion to Amend their Affirmative Defenses, dismissing Plaintiffs' Complaint, and directing Defendant to submit a proposed judgment. ECF No. 60. Defendant, accordingly, prepared a proposed judgment and submitted it to this Court. After some minor changes, the Court entered Defendant's proposed judgment on November 18, 2020. ECF No. 62. The Judgment declared, *inter alia*, that the Agreement was enforceable, that 837 days remained on the Agreement, and that an escrow fund of $25,000 would be disbursed to Plaintiffs' counsel "immediately upon the expiration of time to take an appeal and its disposition if taken." *Id.* at PageID.1015.

The same day the Judgment was entered, Plaintiffs filed a notice of objections, which was construed as a motion to alter or amend the judgment. ECF Nos. 63, 64, 65. Given the unique circumstances of Plaintiffs' objections, Defendant was directed to respond to the motion and

Plaintiffs were allowed a reply brief. *Id.* Timely briefs were subsequently filed. ECF Nos. 66, 67, 68. Before Defendant was directed to respond, however, Defendant filed a motion asking that the November 6 order be reconsidered under Local Rule 7.1(h) or, alternatively, that the Judgment be amended under Federal Rule of Civil Procedure 59(e). ECF No. 64.

Among other relief, Plaintiffs sought to amend the Judgment to allow the immediate disbursement of the $25,000 held in escrow. ECF No. 63 at PageID.1017. Defendant, for his part, asked for an amendment declaring that 1,040 days, not 837 days, remained on the Agreement. ECF No. 64 at PageID.1031.

On December 9, 2020, this Court entered an order granting in part and denying in part Plaintiffs' Motion to Alter or Amend the Judgment and denying Defendant's Motion for Reconsideration. ECF No. 70. With respect to Plaintiffs' request to amend the escrow provision, the order stated,

> Plaintiffs' objection is simply not actionable under Rule 59(e). The [Order Granting Defendant's Motion for Summary Judgment in Part] states that "the $25,000 held in escrow will be disbursed to Franklin." ECF No. 60 at PageID.1004. It does not state a definite time, and 107 days remain on the Agreement even without the option. *Id.* Accordingly, it was neither a clear error of law nor a manifest injustice to schedule disbursement at the expiration of time for an appeal—especially when, as Defendants argue, it is unclear whether the $25,000 would be recoverable once disbursed. ECF No. 68 at PageID.1065.

ECF No. 70 at PageID.1075–76. Later that same day, the Amended Judgment was entered to clarify that Defendant's Motion for Summary Judgment was "granted in part," not fully "granted." ECF No. 71. Pursuant to the Amended Judgment—and as acknowledged by the parties during a January 2021 status conference—the Agreement remains executory and enforceable, with Defendant acting as Mr. Franklin's exclusive boxing manager. On January 7, 2021, Defendant filed his Notice of Appeal from this Court's declaration that 837 days remained on the Agreement. ECF No. 72.

**B.**

On March 19, 2021, Plaintiffs filed a motion for relief under Rule 60(b), arguing that the $25,000 in escrow should be immediately disbursed because the time on the original Agreement had lapsed and Defendant, not Plaintiffs, had appealed. ECF No. 74. Less than a week later, Plaintiffs' counsel requested a telephonic status conference with this Court and moved to withdraw the prior Motion for Relief. ECF No. 75. This Court's Case Manager, however, informed counsel that an off-the-record status conference was not appropriate under the circumstances of the executory contract.

Shortly thereafter, on March 26, 2021, Plaintiffs filed another motion for relief.[1] ECF No. 77. Plaintiffs explained that they moved to withdraw their prior Motion for Relief because it was filed without first seeking concurrence from defense counsel under Local Rule 7.1 ECF No. 77 at PageID.1113. Once Plaintiffs learned that a telephonic status conference was not feasible, however, they filed the second Motion for Relief—which is substantially similar to the first motion. *Id.* In light of the substantial questions raised by Plaintiffs, this Court granted Plaintiffs' Motion to Withdraw and directing Defendant to respond to Plaintiff's most recent Motion for Relief. ECF No. 78. Defendant filed a response brief on April 8, 2021. ECF No. 80.

**C.**

On April 13, 2021, this Court held a hearing by Zoom videoconference for the purpose of considering oral argument on Plaintiffs' Motion for Relief. ECF No. 77. This Court began the hearing by inquiring as to the status of the parties' ongoing performance under the Agreement.

---

[1] As an exhibit to their Motion for Relief, Plaintiffs' attach an email from Defense counsel wherein Defense counsel offers to settle the case. *See* ECF No. 77-1. Defendant states that this communication was sent in connection with settlement facilitation in the Sixth Circuit and is therefore confidential. ECF No. 80 at PageID.1137 n.7 (citing E.D. Mich. L.R. 16.3(d)). Consistent with Defendant's request, this Court has disregarded the email for purposes of this opinion.

Ms. Pamela Campbell, on behalf of Plaintiffs, represented that since the Amended Judgment was entered, Mr. Franklin had been complying with his obligations under the Agreement and was still pursuing his boxing career.[2] She noted, however, that Defendant and Mr. Franklin were not speaking with one another—a fact that Mr. David Zack, one of Defendant's attorneys, confirmed.

In regard to Plaintiffs' Motion for Relief, Ms. Campbell argued that the continued retention of the escrow funds was inequitable because the clause limiting disbursement was only added because of the possibility that Plaintiffs would appeal. Ms. Campbell also noted that the option period began in February 2021 and that, without the $25,000 promised under the Agreement, Mr. Franklin was forced to rely on other resources to finance his training camp.

Mr. Zack, on the other hand, primarily argued that this Court lacked jurisdiction to modify the Amended Judgment because the case remained pending on appeal. When asked what purpose the $25,000 served in escrow, Mr. Zack stated that the money now "secur[ed] Franklin's performance." He nonetheless agreed that the $25,000 held in escrow "belongs" to Mr. Franklin and that the option "ha[d] been exercised."

## II.

### A.

As a threshold matter, this Court must determine whether it has jurisdiction to grant Plaintiffs' Motion for Relief. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Williamson v. Recovery Ltd. P'ship*,

---

[2] Ms. Campbell represented that at the time of the hearing, Mr. Franklin was in Florida training for his April 22, 2021 bout with fellow undefeated heavyweight Stephan Shaw. That fight was apparently cancelled after Mr. Franklin tested positive for COVID-19. *See COVID Knocks Saginaw Boxer Jermaine Franklin Out of Televised Bout*, MLive (Apr. 19, 2021), https://www.mlive.com/sports/saginaw-bay-city/2021/04/covid-knocks-saginaw-boxer-jermaine-franklin-out-of-televised-bout.htm [https://perma.cc/9DPU-3B6W].

731 F.3d 608, 626 (6th Cir. 2013) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). "[A] district court may not alter or enlarge the scope of its judgment pending appeal . . . ." *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987).

Defendant filed his Notice of Appeal on January 7, 2021. ECF No. 72. The only issue on appeal is whether this Court erred by finding that 837 days remained on the Agreement, instead of the 1,040 days that Defendant requested. *Id.* Indeed, in his opening brief on appeal, Defendant asks the Court of Appeals to "reverse and remand the case for an award of an additional 203 days." *See* Brief of Defendant-Appellant at 15, Franklin v. Haak, No. 21-1027 (6th Cir. Feb. 22, 2021). Because the time remaining on the original term of the Agreement is being litigated on appeal, this Court is without jurisdiction to grant Plaintiffs' Motion for Relief.

Nonetheless, this Court may enter an indicative ruling regarding Plaintiffs' Motion for Relief under Federal Rule of Civil Procedure 62.1. The Rule states,

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a). The threshold question, then, is whether Plaintiffs' Motion for Relief is timely. "A motion under Rule 60(b) must be made within a reasonable time . . . ." Fed. R. Civ. P. 60(c)(1). "Whether the timing of [a Rule 60(b)] motion is reasonable ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Thompson v. Bell*, 580 F.3d 423, 443 (6th Cir. 2009) (internal quotation marks omitted).

The Amended Judgment was entered on December 9, 2020, and Plaintiffs' Motion for Relief was not filed until March 26, 2021. Importantly, though, Plaintiffs' Motion is premised on the inequity of continuing to retain the escrow funds after the option period was triggered, which did not occur until February 13, 2021. *See* ECF No. 77 at PageID.1121. Accordingly, there was a nearly six-week delay between when the option period triggered and when Plaintiffs' Motion was filed. While this delay weighs against a finding of timeliness, there is no indication that Defendant was prejudiced by the delay. Indeed, the issue of timeliness goes unmentioned in Defendant's response brief,[3] and while Mr. Zack noted the delay during oral argument, he did not explain how Defendant had been prejudiced. Accordingly, Plaintiffs' Motion for Relief is timely and therefore may addressed by an indicative ruling.

**B.**

As previously stated, Plaintiffs seek to modify the Amended Judgment under Rule 60(b) so that the $25,000 held in escrow is immediately disbursed. Rule 60(b) prescribes the procedure and grounds by which a "court may relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Plaintiffs' Motion expressly relies on subsections (b)(5) and (b)(6). *See* ECF No. 77 at PageID.1120.

Under Rule 60(b)(5), the court may set aside a judgment where "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]" Fed. R. Civ. P. 60(b)(5). Subsection (b)(5) is "based on the historic power of a court of equity to modify its decree in the light of

---

[3] Regarding the application of Rule 62.1, the only argument that Defendant raises in his response brief is that Plaintiffs' "never asked for an indicative ruling," ECF No. 80 at PageID.1139. While Plaintiffs' Motion does not request an indicative ruling, the Motion at least mentions Rule 62.1 while discussing the jurisdictional question. ECF No. 79 at PageID.1120 n.2. Moreover, there is no language in the Rule requiring the moving party to ask for an indicative ruling. The Rule simply states that a court "may" enter an indicative ruling upon a "timely motion" for relief. Fed. R. Civ. P. 62.1.

-7-

changed circumstances." *See* 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2863 (3d ed. 2021). "The party seeking relief bears the burden of establishing that changed circumstances warrant relief." *Horne v. Flores*, 557 U.S. 433, 447 (2009). "Whether prospective enforcement is no longer equitable under Rule 60(b)(5) is a fact-intensive inquiry within the broad equitable powers of a district court." *Brown v. Tennessee Dep't of Fin. & Admin.*, 561 F.3d 542, 545 (6th Cir. 2009).

After thorough consideration of the record, including the parties' briefing and oral argument, this Court finds that the continued retention of the $25,000 in escrow is inequitable.

The $25,000 was deposited in escrow, pursuant to the stipulation of the parties, so that the parties' legal rights under the Agreement would be preserved while its enforceability was litigated. As such, once the Agreement was held to be enforceable, it became necessary to disburse the escrow funds consistent with the Agreement. To that end, as part of this Court's Order Granting in Part Defendant's Motion for Summary Judgment, Defendant was directed to submit a proposed judgment stating that "the $25,000 held in escrow be disbursed to Plaintiff Jermaine Franklin, Jr." ECF No. 60 at PageID.1011. The Judgment entered shortly thereafter provided, "The $25,000 held in escrow (ECF No. 24) shall be disbursed . . . immediately upon the expiration of time to take an appeal and its disposition if taken." ECF No. 62 at PageID.1015.

After Plaintiffs moved to amend the Judgment to provide for an immediate disbursement of the escrow funds, Defendant responded that the escrow provision was "reasonable because the funds are likely unrecoverable once disbursed, and there are 107 days until the two-year (730-day) option period begins." ECF No. 66 at PageID.1045. Defendant also claimed that "[t]he interim period (prior to expiration of appellate remedies and disbursement) will allow for a 'trust-but-verify' approach to Franklin's compliance with the declaratory judgment." *Id.* At the time,

Defendant's reasoning was persuasive. Indeed, in rejecting Plaintiffs' Motion to Amend, this Court noted that "107 days remain[ed] on the Agreement even without the option" and that "it [was] unclear whether the $25,000 would be recoverable once disbursed." ECF No. 70 at PageID.1076.

In the four months since the Amended Judgment was entered, the operative factual conditions have changed substantially. Mr. Franklin has complied with the declaratory judgment; the 107 days remaining on the original term has expired; and Defendant—not Plaintiffs—has sought review from the Court of Appeals.

Plaintiffs' decision to forego a cross-appeal is particularly significant. When the Amended Judgment was entered, it was unclear whether the parties would continue litigating the enforceability of the Agreement. If the $25,000 was immediately disbursed to Plaintiff, and the Court of Appeals eventually found the Agreement unenforceable, Defendant might not have been able to recover the funds. In addition to being consistent with the time remaining on the Agreement, the escrow provision remedied Defendant's exposure to an undue risk. When Plaintiff opted not to challenge the enforceability of the Agreement on appeal, however, that risk largely evaporated. While Defendant is within his right to seek review from the Court of Appeals, it would be inequitable to continue to allow him to withhold monies that—under this Court's calculation of the time remaining on the Agreement—rightfully belong to Mr. Franklin.

Defendant's argument that Plaintiffs should have raised the escrow provision on appeal is unpersuasive.[4] During oral argument, Ms. Campbell represented that Plaintiffs did not appeal from the Amended Judgment because, in her view, such an appeal would have been "frivolous." She explained that at the time the Amended Judgment was entered, Plaintiffs' counsel believed that

---

[4] "A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007); *see also McNeil v. United States*, 113 F. App'x 95, 97–98 (6th Cir. 2004) ("A Rule 60(b) motion may be denied if it is merely an attempt to relitigate previously decided issues.").

the concerns identified by this Court were "legitimate." As illustrated by the foregoing discussion, Plaintiffs' Motion for Relief is premised on a substantial change in circumstances, not new explanations that should have been raised at the time Defendant filed his Notice of Appeal. *Cf. Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof.").

Accordingly, Plaintiffs have demonstrated that the continued retention of the $25,000 in escrow is inequitable.[5] If this case is remanded from the Court of Appeals, Plaintiffs' Motion for Relief will be granted.

### III.

Accordingly, it is **ORDERED** that if this case were remanded from the United States Court of Appeals for the Sixth Circuit, Plaintiffs' Motion for Relief from Judgment, ECF No. 77, would be **GRANTED**.

Dated: May 6, 2021                                       s/Thomas L. Ludington
                                                         THOMAS L. LUDINGTON
                                                         United States District Judge

---

[5] Because continuing to withhold the escrow funds is inequitable, Plaintiffs' argument that relief is justified under subsection (b)(6) need not be reached.